```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

MT. HAWLEY INSURANCE COMPANY,                    **NOT FOR PRINT OR
                                                 ELECTRONIC
                 Plaintiff,                      PUBLICATION**

     -against-                                   **MEMORANDUM AND ORDER**

DANILO LIBERATO, AUFBAU, LLC, MARK                07-CV-4368
TARVER and LISA VINCENTI,                         (KAM) (SMG)

                 Defendants.
----------------------------------------X

AUFBAU, LLC, MARK TARVER and LISA
VINCENTI,
                 Third-Party
                 Plaintiffs,

     -against-

GARBER ATLAS FRIES AND ASSOCIATES,
INC.,

                 Third-Party
                 Defendant.
----------------------------------------X
```
**MATSUMOTO, United States District Judge:**

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") commenced this action against Danilo Liberato ("Liberato"), Aufbau, LLC ("Aufbau"), Mark Tarver ("Tarver") and Lisa Vincenti ("Vincenti") seeking a declaratory judgment that it has no defense or indemnification obligations with respect to a lawsuit brought by Liberato against Aufbau, Tarver and Vincenti.[1] Aufbau, Tarver and Vincenti subsequently impleaded Garber Atlas

---

[1] Diversity jurisdiction is proper under 28 U.S.C. § 1332 because the plaintiff and defendants are from different states and the amount in controversy exceeds $75,000. (Compl. ¶ 7)

Fries and Associates, Inc. ("GAF") as a third-party defendant. Presently before the court are Mt. Hawley's motion for a default judgment against Aufbau, Mt. Hawley's motion for summary judgment against all defendants, GAF's motion for a default judgment against Aufbau[2] and GAF's motion for summary judgment against Aufbau, Tarver and Vincenti. For the reasons set forth below, Mt. Hawley's motions for default and summary judgment are granted. Additionally, in light of the summary judgment in favor of Mt. Hawley, the court *sua sponte* dismisses the third-party complaint against GAF for failure to state a claim upon which relief may be granted.

**BACKGROUND**

The following facts are drawn from Mt. Hawley's Local Rule 56.1 Statement, the affidavits of Michael Stockbridge and Richard Bakalor in support of Mt. Hawley's motion for summary judgment and the affidavit of Michael T. Altman in opposition to Mt. Hawley's motion for summary judgment. Aufbau, Tarver and Vincenti did not respond to Mt. Hawley's motion for summary judgment and Liberato does not dispute the facts in Mt. Hawley's

---

[2] GAF moves for a default judgment against Aufbau under Federal Rule of Civil Procedure 55. However, as a third-party defendant, GAF may not move for a default judgment against Aufbau, a third-party plaintiff. *See* Fed. R. Civ. P. 55(a) (providing for default judgment against the "party against whom a judgment for affirmative relief is sought"). Nonetheless, for the reasons set forth herein, GAF's motion is rendered moot by the grant of summary judgment in favor of Mt. Hawley.

2

Local Rule 56.1 Statement for purposes of this motion. Accordingly, the facts recounted herein are undisputed.

On June 26, 2007, Liberato was injured when he fell from a second floor balcony while doing construction work for Alex Tanzman, d/b/a Alta Construction, ("Alta") at 482 18th Street, Brooklyn, New York. Vincenti and her father, Alberto Vincenti (not named as a defendant), owned the building at which the accident occurred and Alta was performing the construction work pursuant to a subcontract with Aufbau dated February 20, 2007. Tarver was the sole officer and owner of Aufbau and was at the scene of the accident immediately after it occurred. Tarver saw that Liberato was bleeding from the head and was told that Liberato had been hit in the head with a board or something similar, which caused him to fall from the balcony. Tarver called 911 and Liberato was taken to the hospital in an ambulance. On August 22, 2007, Liberato filed suit against Aufbau, Tarver and Vincenti in New York State court seeking to recover damages for the injuries he sustained in the accident.

Aufbau had a commercial general liability insurance policy issued by Mt. Hawley which was effective from November 27, 2006 until November 27, 2007 (the "policy"). The policy included the following language regarding notice of claims: "you must see to it that we are notified as soon as practicable of an occurrence or an offense which may result in a claim . . . ." On

September 10, 2007, after receiving notice of the lawsuit by Liberato, Aufbau gave written notice of the claim to third-party defendant GAF, a retail insurance broker through which Aufbau had obtained the Mt. Hawley policy. GAF sent notice of the claim to Risk Placement Services on September 11, 2007 and Risk Placement Services provided Mt. Hawley with its first notice of the Liberato claim on September 12, 2007.

The policy also included a Contractors – Conditions of Coverage endorsement, which provided, in part:

> 4. Insured warrants that it has confirmed or will confirm that it is named as an additional insured on all subcontractors general liability policies.
>
> In the event the insured fails or failed to comply with the above conditions for a subcontractor whose work directly or indirectly gives rise to a claim, coverage for such claim will be voided under this policy. Insured agrees that we need not demonstrate any prejudice to us in order to enforce these conditions of coverage.

(Stockbridge Aff., Ex. F)

A certificate of insurance issued by Utica First Insurance Company ("Utica First"), effective February 16, 2006, stated that "Aufbau Construction" was an additional insured on a general liability insurance policy issued to Alta. The Alta insurance policy was effective April 2, 2006 until April 2, 2007.[3] (Stockbridge Aff., Ex. H) Tarver testified that, other

---

[3] These facts are provided in Mt. Hawley's Local Rule 56.1

than receiving the certificate of insurance, nothing was done to confirm Aufbau was named as an additional insured on Alta's general liability policy. (Stockbridge Aff., Ex. U (Tarver Dep. at 60 ("[W]e received a certificate of insurance from Mr. Tanzman. Was there anything done afterwards to read actually the insurance there was not."))

Mt. Hawley sent a letter to Aufbau dated September 18, 2007 denying coverage for the Liberato claim because Aufbau did not provide Mt. Hawley with timely notice of the claim and because Aufbau violated the Contractors – Conditions of Coverage endorsement. Mt. Hawley also sent a copy of its September 18, 2007 letter to Liberato's attorney, Michael T. Altman. On September 19, 2007, after receiving the letter, Mr. Altman sent a letter to Mt. Hawley providing it with notice of Liberato's lawsuit. (Stockbridge Decl., Ex. J)

**DISCUSSION**

**I. MT. HAWLEY'S MOTION FOR A DEFAULT JUDGMENT AGAINST AUFBAU**

On March 27, 2009, Magistrate Judge Gold granted the motion of Thomas Lancia, Esq. to be relieved as counsel for Aufbau and granted Tarver 45 days to obtain new counsel for Aufbau. Magistrate Judge Gold informed Tarver that if Aufbau did

---

Statement at paragraphs 43 and 44, and are uncontested. However, the court notes that the certificate of insurance attached as Exhibit H to the declaration of Michael Stockbridge appears to have an "exhibit" sticker covering the notation of "Aufbau Construction" as an additional insured.

not obtain counsel, it would suffer a default judgment. (March 27, 2009 Minute Order, transcript of proceedings at Docket # 35) Aufbau failed to obtain counsel and did not appear for a pre-motion conference on August 20, 2009, after which this court instructed the parties to move for default. The clerk noted Aufbau's default on April 30, 2010.

The Federal Rules of Civil Procedure authorize the court to enter a default judgment against any party that fails to answer or otherwise defend against an action. Fed. R. Civ. P. 55(a), (b)(2). A corporate defendant's failure to obtain counsel is a failure to "otherwise defend" under Rule 55(a) because a corporation cannot proceed *pro se*. *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967); *Securities and Exchange Commission v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55"). Here, despite notice from Magistrate Judge Gold in March 2009 that Aufbau would suffer a default judgment if it did not secure counsel, an instruction from this court in August 2009 that the parties should move for default and the clerk's notation of default on April 30, 2010, Aufbau has failed to obtain counsel. Mt. Hawley's motion for a default judgment against Aufbau is granted.

## II. MT. HAWLEY'S MOTION FOR SUMMARY JUDGMENT

### A. SUMMARY JUDGMENT STANDARD

A district court should grant summary judgment when there is "no genuine issue as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is appropriate only when, "after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party." *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993) (citing *Matsushita Elec. Industr. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). The non-movant may not rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986). Instead, when the moving party has documented particular facts in the record, "the opposing party must 'set forth specific facts showing that there is a genuine issue for trial.'" *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986) (quoting Fed. R. Civ. P. 56(e)).

### B. LIBERATO'S NOTICE

Under New York Insurance Law, if judgment is entered against the insured for damages stemming from an injury sustained during the life of the insurance policy and the judgment remains unsatisfied, an action may "be maintained against the insurer under the terms of the policy or contract for

7

the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract." N.Y. Ins. Law § 3420(a)(2). New York Insurance Law permits the injured party to give notice to the insurer to protect this right of direct action. N.Y. Ins. Law § 3420(a)(3); *Continental Ins. Co. v. Atlantic Cas. Ins. Co.*, --- F.3d ---, No. 09-cv-2882, 2010 WL 1711251, at *4 (2d Cir. Apr. 29, 2010). Mt. Hawley requests summary judgment declaring that Liberato may not prevail on a suit against Mt. Hawley under New York Insurance Law § 3420 because Liberato did not provide Mt. Hawley with timely notice of his claim. (Mt. Hawley Mem. at 18-19)

To determine whether an injured party's notice to the insurer was sufficient, courts examine "whether the injured party 'pursued his rights' to notify the insurer pursuant to Section 3420(a) 'with as much diligence as was reasonably possible' under the circumstances." *Continental Ins. Co. v. Atlantic Cas. Ins. Co.*, --- F.3d ---, No. 09-cv-2882, 2010 WL 1711251, at *5 (2d Cir. Apr. 29, 2010) (quoting *Malik v. Charter Oak Fire Ins. Co.*, 60 A.D.3d 1013, 1016 (N.Y. App. Div. 2009)). Here, Liberato was allegedly injured on June 26, 2007 and he discovered the identity of Mt. Hawley on September 19, 2007, at which time he served Mt. Hawley with notice of his lawsuit. (Altman Aff. ¶ 5) Mt. Hawley contends that summary judgment is appropriate because "just serving the summons and complaint [as Liberato did] is . . .

8

insufficient as a matter of law to raise a question of fact on the [diligence] issue." (Hawley Reply Mem. at 9)[4] However, Mt. Hawley did not cite any law establishing that notice provided by service of the summons and complaint is necessarily insufficient. *Cf. GA Ins. Co. v. Simmes*, 270 A.D.2d 664, 666-67 (N.Y. App. Div. 2000) (first notice to insurer was receipt of pleadings and court found there was a question of fact as to when the injured party should have become aware of the insurer and whether the injured party gave notice to the insurer as soon as was reasonably practicable under the circumstances). Mt. Hawley's motion for summary judgment on the issue of Liberato's notice is denied.

### C. CONTRACTORS – CONDITIONS OF COVERAGE ENDORSEMENT

Mt. Hawley argues that summary judgment against all defendants is appropriate because the insured's failure to comply with the Contractors – Conditions of Coverage endorsement in the policy voids any claim for coverage based on the Liberato accident.[5] (Mt. Hawley Mem. at 19-22) The Contractors –

---

[4] Mt. Hawley also contends that summary judgment is appropriate because there is no evidence that Liberato expeditiously provided notice after learning Mt. Hawley's identity. (Mt. Hawley Mem. at 19) However, Mt. Hawley provides no basis on which to decide Liberato's notice was not provided expeditiously after Liberato learned Mt. Hawley's identity. Indeed, Liberato avers that he learned Mt. Hawley's identity on September 19, 2007 and provided notice the same day. (Altman Aff. ¶ 5)

[5] Aufbau, Tarver and Vincenti did not respond to Mt. Hawley's motion for summary judgment. Liberato opposed the motion solely on the ground that the notice he provided to Mt. Hawley was sufficient; he did not respond to Mt. Hawley's contention that it need not provide coverage because of Aufbau's failure to comply with the Contractors –

Conditions of Coverage endorsement states, in pertinent part:

> 4. Insured warrants that it has confirmed or will confirm that it is named as an additional insured on all subcontractors general liability policies.
>
> In the event the insured fails or failed to comply with the above conditions for a subcontractor whose work directly or indirectly gives rise to a claim, coverage for such claim will be voided under this policy. Insured agrees that we need not demonstrate any prejudice to us in order to enforce these conditions of coverage.

(Stockbridge Aff., Ex. F)

With respect to the requirement that the insured confirm it is named as an additional insured on all subcontractors' general liability policies, Alta, the subcontractor in the present circumstances, had an insurance policy with Utica First effective April 2, 2006 until April 2, 2007. A February 16, 2006 certificate of insurance for the latter policy stated that "Aufbau Construction" was an additional insured. (Stockbridge Aff., Ex. H) However, the Liberato accident

---

Conditions of Coverage endorsement, or any other arguments asserted by Mt. Hawley. The court subsequently provided Liberato another opportunity to respond to the additional grounds for summary judgment asserted by Mt. Hawley. (*See* Doc. 5/27/10) Liberato declined to submit further opposition. Accordingly, Mt. Hawley's argument that the Liberato claim is void based on the Contractors – Conditions of Coverage endorsement is unopposed. The court nonetheless examines Mt. Hawley's submission to determine if it has met its burden of establishing that summary judgment is warranted. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co. Inc.*, 373 F.3d 241, 244 (2d Cir. 2004) ("If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented.") (internal citations and quotation marks omitted).

occurred on June 26, 2007, after the policy referenced by the certificate of insurance expired. Further, the Mt. Hawley policy provides insurance for Aufbau, LLC, not Aufbau Construction, the entity named on the Alta certificate of insurance issued by Utica First. This discrepancy may be significant because Aufbau, LLC, the entity insured by Mt. Hawley, was registered in New York State as a limited liability company on October 11, 2006, which is subsequent to the February 16, 2006 certificate of insurance. (Bakalor Decl. ¶ 42) The Alta certificate of insurance issued by Utica First accordingly does not establish compliance with the requirement that the insured confirm it is named as an additional insured on all subcontractors' general liability policies, and Tarver testified that, other than a review of the certificate of insurance, nothing was done to confirm that Aufbau was properly named as an additional insured on Alta's policy. (Stockbridge Aff., Ex. U (Tarver Dep. at 60))

Failure to confirm that Aufbau was named as an additional insured on Alta's general liability policy constitutes a violation of the Contractors – Conditions of Coverage endorsement. Pursuant to the express terms of the endorsement, noncompliance renders void claims arising from work performed by a subcontractor such as Alta, for whom Liberato was working. Accordingly, Mt. Hawley is not required to provide coverage with respect to the Liberato claim. Mt. Hawley's motion for summary

11

judgment is granted against all defendants. *See Mt. Hawley Ins. Co. v. National Builders LLC*, No. 08 Cv. 5526, 2009 WL 1919611 (S.D.N.Y. June 30, 2009) (failure to comply with endorsement analogous to that at issue here was sufficient basis for insurer to disclaim coverage).

### III.   THIRD-PARTY COMPLAINT AGAINST GAF

Aufbau, Tarver and Vincenti filed a third-party complaint against GAF on May 13, 2008. The third-party complaint requests a declaration that GAF must defend and indemnify Aufbau, Tarver and Vincenti in connection with the Liberato claim. The third-party complaint alleges that GAF, the broker for the Mt. Hawley policy, informed Aufbau that it did not need to notify Mt. Hawley of the Liberato accident. Specifically, the third-party complaint states: "[GAF's] advice that Mt. Hawley did not need to be contacted was a direct cause of Mt. Hawley's disclaimer and refusal to represent and assume damages arising out of Mr. Liberato's lawsuit." (Lesser Decl., Ex. E (third-party complaint at ¶ 43)) However, for the reasons provided above, Mt. Hawley is not required to provide coverage for the Liberato claim based on Aufbau's failure to comply with the Contractors – Conditions of Coverage endorsement. Accordingly, Aufbau, Tarver and Vincenti could not recover from GAF on the theory that GAF's advice caused them to lose coverage under the policy. The third-party complaint against GAF is dismissed for failure to state a claim upon which

relief can be granted.[6] GAF's motions for summary judgment and default are denied as moot.

**CONCLUSION**

For the reasons set forth above, Mt. Hawley's motions for a default judgment against Aufbau and for summary judgment against all defendants are granted and the third-party complaint against GAF is dismissed. This case is closed.

**SO ORDERED.**

Dated:  June 25, 2010
        Brooklyn, New York

                                                /s/
**Kiyo A. Matsumoto**
United States District Judge

---

[6] The court may *sua sponte* dismiss the third-party complaint for failure to state a claim upon which relief can be granted because, through Mt. Hawley's motion for summary judgment, Aufbau, Tarver and Vincenti had notice of the argument that coverage for the Liberato claim may be barred by noncompliance with the Contractors – Conditions of Coverage endorsement and had the opportunity to be heard on the issue. *See Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991).